1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  J & J SPORTS PRODUCTIONS, INC.,

11              Plaintiff,                    No. 2:09-cv-3394-GEB-EFB

12       vs.

13  AMARJIT SINGH BRAR, et al.,

14              Defendants.              <u>ORDER</u>
    _____/

15

16       This case was referred to the undersigned pursuant to Eastern District of California Local

17  Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for default judgment

18  against defendant Laj, LLC.  Dckt. No. 41.  Plaintiff noticed the matter for hearing on the motion

19  on August 22, 2012.  Dckt. No. 42.  The matter was called for hearing on that date, however,

20  neither plaintiff nor defendants appeared.  Nor did plaintiff's counsel request to continue the

21  hearing or otherwise notify the court that he would not be appearing.

22       Local Rule 230(I) provides that "[a]bsent notice of intent to submit the matter on the

23  briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the

24  motion, in the discretion of the Court, or may result in the imposition of sanctions."  E.D. Cal.

25  L.R. 230(I).  Additionally, Local Rule 110 provides that failure to comply with orders of this

26  court or with the court's Local Rules "may be grounds for imposition by the Court of any and all

1

1   sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal.

2   L.R. 110.  "Failure to follow a district court's local rules is a proper ground for dismissal."

3   *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Plaintiffs' is ordered to show cause why

4   sanctions should not be imposed for his failure to appear at the August 22, 2012 hearing.

5          In light of plaintiff's counsel's failure to appear at the August 22, 2012 hearing, as well

6   as numerous procedural deficiencies with plaintiff's motion for default judgment, which the

7   court intended to address at the hearing, the motion is denied without prejudice.  Specifically,

8   although the motion for default judgment was served on both defendants, it appears from the

9   proof of service that the document re-noticing the motion for hearing on August 22 was only

10  served on Amarjit Singh Brar and was not served on the defaulted defendant, Laj, LLC.  Dckt.

11  No. 42 at 3.  Additionally, plaintiff's motion for default judgment does not explain why a

12  judgment should be entered against Laj, LLC, even though defendant Amarjit Singh Brar has

13  answered and is not in default.  Ordinarily, judgment should not be entered until the case is

14  finally adjudicated as to all claims and all parties.  *See* Fed. R. Civ. P. 54(b).  Although there

15  may be instances where entry of judgment as to less than all claims and all parties is appropriate,

16  plaintiff has not addressed the applicable standard for doing so and the preferred practice when

17  default is entered against one defendant in a multi-defendant case is for the court to withhold

18  granting default judgment until trial of the action on the merits against the remaining defendant.

19  *See Id*. ("When an action presents more than one claim for relief--whether as a claim,

20  counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court

21  may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only

22  if the court expressly determines that there is no just reason for delay.").  Finally, plaintiff has

23  not yet moved to strike the answer of the corporation defendant.  As previously addressed in this

24  case, a corporation cannot proceed in pro se.  It was given the opportunity to retain new counsel

25  and the district judge's March 26, 2012 order provided that failure of Laj, LLC to retain counsel

26  "will result in the striking of Laj, LLC's Answer, and Laj, LLC would be at risk of having

2

default judgment entered against it," but since the expiration of the deadline for doing so plaintiff has not moved to strike the answer as to the corporation or otherwise explained in the motion for default judgment why the entry of such a judgment is proper even though the answer has not yet been stricken.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for default judgment, Dckt. No. 41, is denied without prejudice.

2.  Plaintiff's counsel shall show cause, in writing, on or before September 5, 2012, why sanctions should not be imposed for his failure to appear at the August 22, 2012 hearing.

3.  Failure of plaintiff's counsel to comply with this order may result in the imposition of sanctions, including dismissal of this action.

SO ORDERED.

DATED:  August 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Contrary to the apparent assumption by plaintiff, the order referencing the consequences of failing to retain counsel (i.e. that the answer would be stricken) is not self-executing. It is incumbent upon plaintiff's counsel and not the court sua sponte to present a proper motion seeking that result.