IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,                    No. 2:09-cv-3394-GEB-EFB

    vs.

AMARJIT SINGH BRAR, d/b/a AURA;
LAJ, LLC, d/b/a AURA,

        Defendants.            ORDER
_____/

        This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 6, 2012, plaintiff filed a motion to strike defendant Laj, LLC's answer, and noticed the motion for hearing before the undersigned on October 31, 2012.[1] Dckt. No. 48.

////

---

[1] Plaintiff previously filed a motion for default judgment against defendant Laj, LLC. Dckt. No. 41. However, that motion was denied without prejudice due to plaintiff's counsel's failure to appear at the hearing on the motion, and because the motion (1) was not served on Laj, LLC; (2) did not explain why a judgment should be entered against Laj, LLC, even though defendant Amarjit Singh Brar has answered and is not in default, and ordinarily, judgment should not be entered until the case is finally adjudicated as to all claims and all parties; and (3) plaintiff had not yet moved to strike Laj, LLC's answer. Dckt. No. 46 at 2-3.

1

Then, on September 28, 2012, plaintiff filed a notice that defendant Amarjit Singh Brar filed a voluntary Chapter 7 bankruptcy petition. Dckt. No. 50; *see also In re Amarjit Singh Brar*, 12:bk-33305, filed July 19, 2012. Attached to plaintiff's notice of filing bankruptcy is a copy of a "Notice of Filing Reports of No Distribution, Combined with Order Fixing Deadline to Object Thereto," that was filed in the bankruptcy action on September 5, 2012. Dckt. No. 50 at 4. Plaintiff requests that, as a result of the bankruptcy filing, this case be stayed *only* as to defendant Amarjit Singh Brar, individually and d/b/a Aura, subject to the disposition of plaintiff's claims to be asserted against that defendant in the bankruptcy action. *Id.* at 2.

Pursuant to 11 U.S.C. § 362, the filing of the bankruptcy petition operates as an automatic stay of this action against Amarjit Singh Brar, individually and d/b/a Aura. *See* 11 U.S.C. § 901(a). However, § 362 does not automatically stay this action as to the other, non-bankrupt defendant, Laj. LLC. *See Ingersoll–Rand Financial Corp. v. Miller Mining Co. Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants."); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.") (quoting *Maritime Elec. Co. v.. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1995)).

Nonetheless, the court does have the authority to stay the entire action. *See Zurich Amer. Ins. Co. v. Trans Cal Associates*, 2011 WL 6329959, at *2-3 (E.D. Cal. Dec. 16, 2011) (explaining the "unusual circumstances" exception and ultimately staying the action as to non-bankrupt co-defendants pursuant to the court's inherent authority). "The courts have carved out

limited exceptions [to the general rule that stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants] where: (1) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,' or (2) extending the stay against codefendants 'contributes to the debtor's efforts of rehabilitation.'" *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n. 3 (9th Cir. 1993) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *Matter of S.I. Acquisition*, 817 F.2d 1142, 1147 (5th Cir. 1987)) (citations omitted); *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (staying the proceedings against not only the debtor individual defendant, but also the non-debtor corporation co-defendant that was wholly owned by him because the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate"). "If the 'unusual circumstances' exception applies, however, the weight of authority holds that it is the bankruptcy court that must extend the automatic stay, not this court." *Zurich Amer. Ins. Co.*, 2011 WL 6329959, at *2 (citing *Placido v. Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan.22, 2010) (relying on *Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009)); *Alvarez v. Bateson*, 932 A.2d 815, 821 (Md. Ct. Spec. App. 2007) ("[T]he weight of authority holds that, in order for an automatic stay pursuant to section 362 to be applied to a non-bankrupt co-defendant, the debtor must request and obtain a stay from the bankruptcy court where the current action is pending.")). In light of that authority, the court will not stay the action against Laj, LLC pursuant to § 362.

However, the court will stay the action against Laj, LLC under its inherent authority since doing so would be efficient for the court and the fairest course for the parties. *See Zurich Amer. Ins. Co.*, 2011 WL 6329959, at *3-4; *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Here, the only two

3

defendants – Amarjit Singh Brar (the defendant who filed bankruptcy) and Laj, LLC – are both being sued "d/b/a Aura," both are served at the same address, and the claims plaintiff asserts against both defendants are identical. *See generally* Compl., Dckt. No. 1. Also, plaintiff seeks to strike Laj, LLC's answer and presumably will once again seek default judgment against that defendant. However, the court already noted that ordinarily default judgment should not be entered until the case is finally adjudicated as to all claims and all parties. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). If the court were to permit plaintiff to proceed with its claims against Laj, LLC only, a later trial of the claims against the individual defendant could involve the relitigation of most if not all of the issues litigated in the first proceeding involving Laj, LLC. The court finds that the better course is to stay the claims against Laj, LLC pursuant to the court's inherent authority pending resolution of Amarjit Singh Brar's bankruptcy petition.[2] *See Zurich Amer. Ins. Co.*, 2011 WL 6329959, at *4; *Mediterranean Enters., Inc.*, 708 F.2d at 1465; *SCI Northbay Commerce Fund 4, LLC v. SCI Real Estate Invs., LLC*, 2011 WL 1133898, at *1 (M.D. Fla. Mar. 28, 2011) ("The Court concludes that a stay of Plaintiffs' claims against Adelman are appropriate, in the interests of judicial economy and under the Court's inherent authority to manage its cases."); *Beardsley v. All Am. Heating, Inc.*, 2007 WL 1521225, at *2 (W.D. Wash. May 22, 2007) ("[E]ven if the automatic stay does not extend to all of AAH's co-defendants, the Court has inherent authority to

---

[2] As it appears that the action will be stayed due to the bankruptcy proceedings for the foreseeable future, this case shall be ordered administratively closed. *Zurich Amer. Ins. Co.*, 2011 WL 6329959, at *4; *see also Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]he 'effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active.'" (discussing and quoting *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004))).

4

stay this litigation in its entirety."). The court will therefore deny plaintiff's motion to strike Laj, LLC's answer, without prejudice to that motion being re-filed once the bankruptcy action is terminated or plaintiff has obtained relief from the automatic stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike Laj, LLC's answer, Dckt. No. 48, is denied without prejudice, and the October 31, 2012 hearing on is vacated.

2. This action is stayed pending resolution of defendant Amarjit Singh Brar's bankruptcy petition, case number 12-33305, filed July 19, 2012, in the United States Bankruptcy Court for the Eastern District of California.

3. Upon termination of the bankruptcy proceeding or an order granting relief from the automatic stay, plaintiff may re-file its motion to strike defendant Laj, LLC's answer.

4. The parties shall notify the court within fourteen days of the resolution of the bankruptcy proceedings.

5. In the interim, the Clerk of Court shall administratively terminate this case.

SO ORDERED.

DATED: October 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE