IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                                 No. 2:09-cv-3394-GEB-EFB

    vs.

AMARJIT SINGH BRAR, d/b/a AURA;         <u>ORDER</u>
LAJ, LLC, d/b/a AURA,

    Defendants.
_____/

        This case, in which defendants are proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 6, 2012, plaintiff filed a motion to strike defendant Laj, LLC's answer, and noticed the motion for hearing before the undersigned on October 31, 2012.[1] Dckt. No. 48. Then, on September 28, 2012, plaintiff filed a notice that defendant Amarjit Singh Brar filed a voluntary Chapter 7 bankruptcy petition. Dckt. No. 50; *see also In re Amarjit Singh Brar*,

---

[1] Plaintiff previously filed a motion for default judgment against defendant Laj, LLC. Dckt. No. 41. However, that motion was denied without prejudice due to plaintiff's counsel's failure to appear at the hearing on the motion, and because the motion (1) was not served on Laj, LLC; (2) did not explain why a judgment should be entered against Laj, LLC, even though defendant Amarjit Singh Brar has answered and is not in default, and ordinarily, judgment should not be entered until the case is finally adjudicated as to all claims and all parties; and (3) plaintiff had not yet moved to strike Laj, LLC's answer. Dckt. No. 46 at 2-3.

12:bk-33305, filed July 19, 2012.

In light of that bankruptcy filing, on October 3, 2012, the undersigned issued an order denying plaintiff's motion to strike without prejudice and staying the action pending resolution of defendant Amarjit Singh Brar's bankruptcy petition. Dckt. No. 51. The order instructed the parties to notify the court within fourteen days of the resolution of the bankruptcy proceedings, and stated that upon termination of the bankruptcy proceeding or an order granting relief from the automatic stay, plaintiff could re-file its motion to strike defendant Laj, LLC's answer. *Id.* at 5.

On December 17, 2012, plaintiff's counsel filed a status report indicating that on November 5, 2012, defendant Amarjit Singh Brar was granted a discharge in the bankruptcy action. Dckt. No. 54. Attached to the status report is a copy of the Discharge of Debtor filed with the bankruptcy court. *Id.*, Ex. 1. A review of the bankruptcy case file reveals that the bankruptcy action was closed on November 9, 2012.

Accordingly, IT IS HEREBY ORDERED that the stay of this action, which was entered by this court on October 3, 2012, is lifted.

Dated: January 3, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2