IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                               No. 2:09-cv-3394-GEB-EFB

    vs.

AMARJIT SINGH BRAR, d/b/a AURA;
LAJ, LLC, d/b/a AURA,                   ORDER AND
                                                    FINDINGS AND RECOMMENDATIONS
    Defendants.
_____/

    This case, in which defendants are proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 6, 2012, plaintiff filed a motion to strike defendant Laj, LLC's answer, and noticed the motion for hearing before the undersigned on October 31, 2012.[1] Dckt. No. 48. Then, on September 28, 2012, plaintiff filed a notice that defendant Amarjit Singh Brar filed a voluntary Chapter 7 bankruptcy petition. Dckt. No. 50; *see also In re Amarjit Singh Brar*,

---

[1] Plaintiff previously filed a motion for default judgment against defendant Laj, LLC. Dckt. No. 41. However, that motion was denied without prejudice due to plaintiff's counsel's failure to appear at the hearing on the motion, and because the motion (1) was not served on Laj, LLC; (2) did not explain why a judgment should be entered against Laj, LLC, even though defendant Amarjit Singh Brar has answered and is not in default, and ordinarily, judgment should not be entered until the case is finally adjudicated as to all claims and all parties; and (3) plaintiff had not yet moved to strike Laj, LLC's answer. Dckt. No. 46 at 2-3.

1

12:bk-33305, filed July 19, 2012. Accordingly, on October 3, 2012, the undersigned issued an order denied plaintiff's motion to strike without prejudice and staying the action pending resolution of defendant Amarjit Singh Brar's bankruptcy petition. Dckt. No. 51.

The bankruptcy stay was lifted on January 3, 2013. Dckt. No. 55. Thereafter, on January 22, 2013, plaintiff once again moved to strike defendant Laj, LLC's answer, and noticed the motion for hearing before the undersigned on March 20, 2013. Dckt. No. 56. Defendant Laj, LLC has not filed a response to the motion, even though Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by March 6, 2013.[2]

Regardless, because plaintiff has demonstrated that defendant Laj, LLC's answer should be stricken, the March 20, 2013 hearing date on the motion to strike will be vacated and the undersigned will recommend that the motion be granted.

On March 26, 2012, the assigned district judge granted defense counsel's motion to withdraw, and instructed Laj, LLC to obtain alternate counsel within thirty days since Laj, LLC "may not litigate in federal court by appearing *in propria persona*."[3] Dckt. No. 38 at 3 (citing E.D. Cal. L.R. 183(a); *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 2010) (stating "[a] corporation may appear in federal court only through licensed counsel.")).

---

[2] Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

[3] Defendant Laj, LLC was also reminded of the obligation to obtain counsel in an order issued on August 23, 2012. Dckt. No. 46 at 2-3.

1   The order further stated: "LAJ, LLC must be represented by counsel to litigate this case, and if
2   LAJ, LLC is not represented by counsel, its answer will be stricken. Further, LAJ, LLC would
3   be at risk of losing this case in default proceedings." *Id.* at 3 (citing *Employee Painters' Trust v.*
4   *Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (holding that failure to retain counsel on
5   behalf of corporation supported entry of default judgment)); *see also id.* at 3-4 (citing *General*
6   *Electric Capital Corp. v. Ten Forward Dining*, 2011 WL 2671542, at *2 (E.D. Cal. July 6, 2011)
7   (sanctioning corporate defendants by striking their answer when they failed to retain alternate
8   counsel after the withdrawal of their original counsel)).

9   Nonetheless, Laj, LLC has failed to obtain alternate counsel, even though nearly a year
10  has passed since it was first instructed to do so. Therefore, for the reasons set forth in the court's
11  March 26, 2012 order, the undersigned will recommend that defendant Laj, LLC's answer be
12  stricken.

13  Accordingly, IT IS HEREBY ORDERED that the March 20, 2013 hearing on plaintiff's
14  motion to strike defendant Laj, LLC's answer is vacated.

15  IT IS FURTHER RECOMMENDED that:

16  1. Defendant Laj, LLC's answer be stricken; and

17  2. The Clerk of Court be directed to re-enter default against defendant Laj, LLC pursuant
18  to Federal Rule of Civil Procedure 55(a).[4]

19  DATED: March 11, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Although the clerk previously entered the default of Laj, LLC on May 10, 2012, Laj, LLC's answer had not yet been stricken at that time, and the March 26, 2012 order referencing the consequences of failing to retain counsel (i.e. that the answer would be stricken) was not self-executing.

3