1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    J & J SPORTS PRODUCTIONS, INC.,

11              Plaintiff,                    No. 2:09-cv-3394-TLN-EFB

12         vs.

13    AMARJIT SINGH BRAR, d/b/a AURA;         ORDER AND
      LAJ, LLC, d/b/a AURA,                   FINDINGS AND RECOMMENDATIONS
14
              Defendants.
15    _____/

16         This case, in which defendants are proceeding *pro se* and *in forma pauperis*, is before the

17    undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C.

18    § 636(b)(1).  On March 13, 2013, plaintiff filed a motion to dismiss plaintiff's complaint

19    pursuant to Federal Rule of Civil Procedure 41(a)(2), and noticed the motion for hearing on

20    April 17, 2013.  Dckt. No. 58.  As stated below, the motion should be granted.[1]

21         Plaintiff contends that Rule 41(a)(2) permits plaintiff to request voluntary dismissal when

22    there is no prejudice to the defendants, and that standard is satisfied herein.  *Id.* at 1.  According

23    to plaintiff, the dismissal of this action does not impact any interest or potential argument of

24
      _____
25    [1] Plaintiff previously filed a motion to strike defendant Laj, LLC's answer, which the
      undersigned recommended granting on March 11, 2013.  Dckt. Nos. 56, 57.  The motion to strike
26    and the findings and recommendations thereon, which are pending before the assigned district
      judge, will be rendered moot if this recommendation of dismissal is adopted.

1    defendants, since neither defendant has participated in this action in any way since defendants'

2    prior counsel assisted in the preparation of the July 7, 2011 Amended Joint Status Report.[2]  *Id.* at

3    4.

4            Rule 41(a)(2) provides that if a defendant has appeared but not stipulated to dismissal,

5    "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

6    considers proper."  Fed. R. Civ. P. 41(a)(2).  Unless otherwise specified, a dismissal under Rule

7    41(a)(2) is without prejudice.  *Id.*

8            A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless

9    a defendant can show that it will suffer some "plain legal prejudice" as a result.  *Waller v. Fin.*

10   *Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber*

11   *Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982).  The Ninth Circuit has clarified that legal prejudice

12   means "prejudice to some legal interest, some legal claim, some legal argument."  *Smith v.*

13   *Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands Water Dist. v. United States*, 100

14   F.3d 94, 96 (9th Cir. 1996)); *see also WPP Luxembourg Gamma Three Sarl v. Sport Runner,*

15   *Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011).  In so holding, the Court further explained that

16   "uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . .

17   causes uncertainty" does not result in plain legal prejudice.  *Smith,* 263 F.3d at 976.  Moreover,

18   plain legal prejudice does not result merely because the defendant will be inconvenienced by

19   having to defend in another forum or where a plaintiff would gain a tactical advantage by that

20   dismissal.  *Hamilton*, 679 F.2d at 145.  In addition, whether defendants have already incurred

21   substantial legal expenses does not constitute sufficient prejudice or hardship to justify refusing a

22   voluntary motion to dismiss.  *See, e.g., In re Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir.

23   1995).

24   ////

25   _____

26   [2] Defendants' prior counsel filed a motion to withdraw on February 24, 2012, Dckt. No. 34, which was granted on March 26, 2012, Dckt. No. 38.

1    Here, as plaintiff notes, defendants have not participated in this action in more than a

2  year and a half, and nothing has been filed on their behalf since their prior counsel filed a motion

3  to withdraw more than a year ago.  Because of defendant Laj, LLC's failure to obtain

4  replacement counsel, the undersigned previously recommended that Laj, LLC's answer be

5  stricken and that Laj, LLC be held in default.  Dckt. No. 57.  Moreover, defendants were served

6  with a copy of the request for dismissal, Dckt. No. 58 at 5, but neither defendant filed any

7  response thereto.  *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a

8  motion, or a statement of non-opposition thereto, must be served upon the moving party, and

9  filed with this court, no later than fourteen days preceding the noticed hearing date or, in this

10 instance, by April 3, 2013).

11    Given defendants' failure to participate in this action and failure to respond to the motion

12 to dismiss, the court cannot say that they would be prejudiced by the requested dismissal.

13 Therefore, plaintiff's request for a court order dismissing this action pursuant to Rule 41(a)(2)

14 should be granted.

15    Accordingly, IT IS HEREBY ORDERED that the April 17, 2013 hearing on plaintiff's

16 motion to dismiss is vacated.

17    IT IS FURTHER RECOMMENDED that:

18    1.  Plaintiff's motion for a court order dismissing this case pursuant to Rule 41(a)(2),

19 Dckt. No. 58, be granted;

20    2.  This case be dismissed without prejudice; and

21    3.  The Clerk be directed to close this case.

22 DATED:  April 8, 2013.

23

24                         EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE
25

26

3